UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ATARAH SMALL,

    Plaintiff,

v.

REDFORD OPCO, LLC d/b/a Villa
at Great Lakes Crossing, SHARIANN
WILTSHIRE, ANGIE GOUDY, and
MARQUETTE SYLVESTER,

    Defendants.
_____/

Case No. 23-10368
Hon. Jonathan J.C. Grey

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS AND ORDERING PLAINTIFF TO FILE A MORE DEFINITE STATEMENT**

**I.   INTRODUCTION**

Defendants Redford Opco, LLC's, Shariann Wiltshire, Angie Goudy, and Marquette Sylvester ("defendants") filed a motion for summary judgment and motion to dismiss based on untimely claims and failure to state viable legal theories (the "motion"). (ECF No. 10.) Defendants further argue that, should their motion be granted, only state claims remain, and this Court should decline supplemental jurisdiction

of the state claims. The motion is fully briefed. (ECF Nos. 10, 14.)[1] The Court finds that oral argument will not aid in its disposition of the motion; therefore, it dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the motion and **ORDERS** Small to file a more definite statement.

## II. BACKGROUND

Pro se Plaintiff Atarah Small filed a 59-claim complaint against defendants. Based on the confusing nature of the complaint, it is

---

[1] When Small did not timely respond to defendants' motion, the Court issued Small an order directing her to show cause why the Court should not rule in favor of defendants' motion. (ECF No. 12.) Small submitted a document dated November 1, 2024 titled "Motion for Order to Show Cause," and it was filed as a pro se upload on November 4, 2024. (ECF No. 14.) In Small's "motion," she indicates the challenges she faces proceeding without an attorney and claims to file a cross-motion for summary judgment. (*Id*.) In response to Small's filing, defendants filed a motion to strike the motion for order to show cause (ECF No. 15) and a motion to strike Small's cross-motion for summary judgment. (ECF No. 16.) As Small's basis for an order to show cause does not request any relief and otherwise lacks merit, the Court **DENIES** Small's motion for order to show cause. (ECF No. 14.) For purposes of this Order, the Court treats Small's purported cross-motion for summary judgment as a response to defendant's motion. However, going forward, Small must comply with the applicable Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Michigan, including Rule 7.1(i), which prohibits filing a motion in a document filed for another purpose. Accordingly, the Court **DENIES AS MOOT** both of defendants' motions to strike. (ECF Nos. 15, 16.)

generally unclear exactly what claims Small has pleaded. However, the Court has gleaned the following from the pleadings.

Small is a certified nursing assistant who worked at Villa at Great Lakes Crossing ("GLC"). (ECF No. 1, PageID.91.) GLC "is owned and operated by REDFORD OPCO, LLC." (ECF No. 10, PageID.201.) Small was "a union employee and member of the Services Employees Integration Union." (ECF No. 10, PageID.201.) Angie Goudy was "the union steward who represented" Small and who "overs[aw] the performance of the union contract with [GLC]." (ECF No. 1, PageID.91–92.) Shariann Wiltshire was a GLC administrator. (ECF No. 1, PageID.98.) Marquette Sylvester was a GLC scheduling coordinator. (*Id.*, at PageID.99.)

Due to the COVID-19 outbreak, GLC required staff to complete COVID-19 testing. (*Id.*, at PageID.98.) Small declined COVID-19 testing "and requested a reasonable accommodation for [her] religious beliefs Under Title VII." (*Id.*) GLC subsequently terminated Small, and she filed numerous claims related to her termination. (ECF No. 1, PageID.11–30.)

III. **LEGAL STANDARDS**

    A.    **Rule 12(e)**

3

The Court may require a plaintiff to file a more definite statement where a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

### B. Rule 12(b)(6)

The Court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a motion to dismiss under Rule 12(b)(6), the Court must give the plaintiff the benefit of the doubt and must accept all the complaint's factual allegations as true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

But the Court will not presume the truth of any legal conclusions stated in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the pleaded facts do not raise a right to relief, the Court must grant the motion to dismiss. *Winnett v. Caterpillar*, Inc., 553 F.3d 1000, 1005 (6th Cir. 2009).

In reviewing a motion to dismiss, the court may consider "any exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to

4

dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

### C. Rule 56(a)

The Federal Rules of Civil Procedure provide that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–324 (1986). That

5

is, the non-moving party must provide specific facts to rebut or cast doubt on the moving party's proffered facts.

Summary judgment must be entered against a party who fails to establish the existence of an element essential to that party's case on "which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322–323.

## IV. ANAYLSIS

### A. Damages as Claims

Defendant argues that Small's claims for damages should be dismissed for failure to set forth a viable legal theory. (ECF No. 10, PageID.214.) The Court agrees.

"[D]amages are a prayer for relief, not a cause of action." *Dalton v. Animas Corp.*, 913 F. Supp. 2d 370, 378 (W.D. Ky. 2012). Small's claims 50, 51, 52, and 53 are for "Nominal Damages," "Expectation Damages," "Future Damages," and "Punitive Damages," respectively. (ECF No. 1,

6

PageID.28–29.) Because damages cannot be asserted as independent counts in a complaint, the Court **DISMISSES** claims 50, 51, 52, and 53.

## B. Hybrid § 301 Claims

Defendants argue the Court should dismiss Small's hybrid § 301 claims because they are time-barred. To the extent that Small asserts hybrid § 301 claims, the Court agrees.

When bringing a suit against an employer for breach of a collective bargaining agreement, the plaintiff is typically required to "exhaust any grievance or arbitration remedies provided in the collective bargaining agreement." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983) (citations omitted). "[T]his rule works an unacceptable injustice when the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." *Id.* at 164. In that situation, "an employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding." *Id.* (citations omitted). This type of suit is comprised of two causes of action. *Id.* "The suit against the employer rests on § 301 [of the Labor Management Relations Act], since

7

the employee is alleging a breach of the collective bargaining agreement," while "[t]he suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act." *Id.* Because these two claims are "inextricably interdependent," courts refer to them as "hybrid § 301/fair representation claim[s]." *Id.* at 164–165.

To prevail on a hybrid § 301 claim, a plaintiff must prove "(1) that the employer breached the collective bargaining agreement and (2) that the union breached its duty of fair representation." *Garrish v. Int'l Union United Auto., Aerospace & Agric. Implement Workers of Am.*, 417 F.3d 590, 594 (6th Cir. 2005) (citations and internal quotation marks omitted). "The employee may, if [s]he chooses, sue one defendant and not the other; but the case [s]he must prove is the same whether [s]he sues one, the other, or both. *DelCostello*, 462 U.S. at 165. Hybrid § 301 actions have a six-month statute of limitations starting from when the employee discovers, or should have discovered, the acts that give rise to the suit. *Garrish*, 417 F.3d at 594.

Small's complaint alleges: (1) she "filed a grievance and submitted it [according] to the grievance procedure outline[d] in the [CBA];" (2) her

8

employer "interfered, prevented and denied [her] union representation breaching the CBA;" and (3) her union steward "breached her duties … to file and follow-up" on grievances "according to the processes set forth in the CBA." (ECF No. 1, PageID.49.) Per Small, she was made aware of her termination on July 29, 2020. (ECF No. 1 PageID.18.)

Although Small's complaint does not explicitly state hybrid § 301 claims, the Court finds that the alleged facts appear to give rise to such claims. Here, the statute of limitations for such claims would have started upon Small's termination in July 2020, and Small did not file her complaint until February 10, 2023. Therefore, the six-month window elapsed prior to her filing.

Accordingly, to the extent that claims 10, 12, 16, 18, 19, 28, 29, 32, 43, and 44 raise hybrid § 301 causes of action, they are **DISMISSED**.

### C.  Title VII Claims

Defendants argue the Court should dismiss Small's Title VII claims based on her failure to bring this action within ninety days of receiving a Right to Sue ("RTS") letter from the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 10, PageID.185.) The Court concludes

9

that it would be premature to determine whether Small's Title VII claims are time-barred.

A plaintiff is required to file a Title VII claim in federal court within 90 days of receiving a RTS from the EEOC. 42 U.S.C. § 2000e–5(f)(1); *see Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir.2000). This 90-day statutory period is strictly enforced by federal courts, irrespective of whether the plaintiff is represented or proceeding pro se. *Id.*; *see also Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (per curiam) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). "The time for the filing of a complaint begins to run when the plaintiff has notice of the EEOC's decision, which usually occurs on the date [s]he receives a right-to-sue letter from the agency." *Miller v. City Mission*, No. 2:23-CV-834, 2023 WL 9002732, at *4 (W.D. Pa. Dec. 28, 2023) (citing *Paniconi v. Abington Hospital-Jefferson Health*, 604 F. Supp. 3d 290, 291 (E.D. Pa. 2022) (quoting *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999)). Based on the pleadings filed to date, it is unclear when Small received the RTS.

Small claims she received the RTS on November 14, 2022. (EFC No. 1, PageID.5.) She supports this claim by attaching an email exchange she had with Ms. Whitney Fox, the EEOC representative handling her charge. In an email dated November 10, 2022, Small writes, "Attn: Ms. Whitney Fox, I, Atarah Carshena Small **never received** the notice of dismissal and rights for the other charges filed in this case 471-2021-01866. Will you please forward that [i]nformation to me?" (ECF No.1–1, PageID.141 (emphasis added).) On November 28, 2022, Fox responded, "Ms. Small, [m]y records show you downloaded the Notice of Right to Sue on **November 14, 2022**. Attached is a copy of the letter and the EEOC's Attorney Resource List." (*Id.*, PageID.144 (emphasis added).)

Defendants argue that Small downloaded the RTS on November 10, 2022, and thus, she received the RTS on that date. (ECF No. 10, PageID.185.) Defendants provide an activity log that indicates the date and time of actions by various users in the EEOC online portal. (ECF No. 10–4, PageID.232–247.) According to the activity log: (1) the EEOC released the RTS on November 10, 2022; (2) the EEOC emailed Small informing her that a new document was available for download on the

11

portal; (3) "[t]he Charging Party" downloaded the document once on November 10, 2022 and twice on November 14, 2022. (*Id.*, at PageID.234.)

Based on the conflicting information provided, the Court is unable to determine when Small received the RTS. The activity log does not confirm that Small received an email from the EEOC on November 10, 2022. Although the activity log states that "The Charging Party" downloaded the RTS on November 10, 2022, the EEOC representative states that Small downloaded the RTS on November 14, 2022. Ultimately, discovery may reveal that Small received the RTS on November 10, 2022, but at this stage, the Court must view the facts in a light most favorable to Small. In doing so, the Court must accept as true that Small did not receive the RTS until November 14, 2022. As such, the Court cannot determine whether Small's Title VII claims are time-barred.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the motion as to Small's Title VII claims. Further, the Court **ORDERS** Small to file a more definite statement for, and condense, all claims related to Title VII (which may include claims 2, 9, 10, 11, 12, 13, 14, 15, 17, 19, 21, 22, 23, 27, 32, 33, 34, 36, 38, 47, and 49).

### D. Statute of Limitations

#### 1. *Equal Protection Clause and Fair Labor Standard Act*

Defendants argue that, to the extent Small has raised claims under the Equal Protection Clause and the Fair Labor Standards Act ("FSLA"), they should be dismissed. (ECF No. 10, PageID.185–186.) While the complaint vaguely mentions both the Equal Protection Clause and the FSLA, the Court is unable to decipher *if and what claims* Small has raised under either law. Thus, as discussed below, the Court first orders a more definite statement as to these potential claims.

To the extent that Small does argue either of these claims, defendants assert that they are time-barred by a three-year statute of limitations. Defendants assert that Small "was 'injured' as a result of her termination on July 5, 2020," so "the statute of limitations began to run on July 5, 2020 and ended on July 5, 2023." (ECF No. 10, PageID.212–213.) However, Small filed her complaint on February 10, 2023, which is before July 5, 2023. Thus, the Court finds no merit to defendants' argument and **DENIES** defendants' motion on the grounds that these claims are untimely.

#### 2. *Torts*

13

Defendants further argue that any claim alleging tortious interference with business relationships, tortious interference with contracts, and intentional or negligent infliction of emotional distress is governed by a three-year statute of limitation. (ECF No. 10, PageID.218.) Defendants do not assert a date they believe the statute of limitations commenced. However, the earliest any statute of limitations period started appears to be July 5, 2020. Small filed her complaint on February 10, 2023, which is within a three-year period. Thus, the Court finds no merit to this argument and **DENIES** defendants' motion on the grounds that these claims are untimely.

### E.  More Definite Statement

Defendants understandably moved to dismiss numerous claims within the complaint for failure to set forth a viable legal theory. (ECF No. 10, PageID.214.) However, based on the Court's, and seemingly defendants', inability to decipher most claims in the complaint, the Court will order Small to file a more definite statement.

"When a complaint fails to clearly state causes of action such that defendants can be fairly required to respond, the court may issue an order requiring a more definite statement *sua sponte*." *Dumas v. Hurley Med.*

14

*Ctr.*, No. 10-12661, 2011 WL 35407, at *1 (E.D. Mich. Jan. 5, 2011). Small's complaint contains 59 claims, the majority of which fail to clearly state causes of action and instead are often disconnected elements of a cause of action or otherwise do not constitute a recognized legal theory. **The Court acknowledges the legal complexities of filing a lawsuit and strongly urges Small to obtain legal counsel to assist in narrowing down her complaint to include only viable legal theories by pleading her claims in a concise, organized manner**. The Court also directs Small to the Federal Pro Se Legal Assistance Clinic, located in Room 738 of the courthouse. The hours of the clinic are Mondays, Wednesdays, and Fridays from 1:00pm to 5:00pm. The clinic can be contacted at 313-234-2690 and proseclinic@udmercy.edu.

Accordingly, the Court **ORDERS** Small to file a more definite statement via an amended complaint for **all claims not otherwise dismissed** by this order. The amended complaint must be filed no later than December 1, 2025, and **clearly and concisely** state **only legally cognizable claims**.

V. **CONCLUSION**

15

For the reasons stated above, **IT IS HEREBY ORDERED** that defendants' motion is **GRANTED** as to Small's claims related to damages **(claims 50, 51, 52, and 53)**.

**IT IS FURTHER ORDERED** that, to the extent **claims 10, 12, 16, 18, 19, 28, 29, 32, 43, and** 44 raise hybrid § 301 claims, defendants' motion is **GRANTED.**

**IT IS FURTHER ORDERED** that defendants' motion related to Small's Title VII claims is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that defendants' motion related to Small's potential Equal Protection Clause, FLSA, and other tort claims is **DENIED**.

**IT IS FURTHER ORDERED** that Small file a more definite statement via an amended complaint for <u>**all claims not otherwise dismissed**</u> by this order. **The amended complaint must be filed no later than December 1, 2025, and clearly and concisely state <u>only legally cognizable claims</u>**.

**IT IS FURTHER ORDERED** that Small's motion for order to show cause (ECF No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motions to strike (ECF Nos. 15, 16) are **DENIED AS MOOT**.

Finally, the Court strongly encourages Small to promptly seek to obtain an attorney to assist her in complying with the Court's directives in this Order, especially filing a complaint that plainly and concisely sets forth legally cognizable claims.

**SO ORDERED**.

Dated: September 22, 2025

s/**Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

### Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 22, 2025.

s/ **S. Osorio**
Sandra Osorio
Case Manager