**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ATARAH SMALL,

Plaintiff,

Case No. 23-10368
Hon. Jonathan J.C. Grey

v.

REDFORD OPCO, LLC d/b/a Villa at Great Lakes Crossing, et al.,

Defendants.
________________________________/

**OPINION AND ORDER PARTIALLY GRANTING DEFENDANTS' MOTION TO DISMISS (ECF No. 25) AND DENYING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE (ECF No. 28)**

## I. INTRODUCTION

On February 10, 2023, pro se Plaintiff Atarah Carshena Small filed a complaint against Defendants Redford Opco, LLC, Shariann Wiltshire, Angie Goudy, and Marquette Sylvester (collectively, "defendants"). (ECF No. 1.) On September 9, 2024, defendants filed a motion to dismiss (ECF No. 10), which the Court partially granted and, in doing so, ordered Small to file a more definite statement (ECF No. 19). On December 2, 2025,

Small filed an amended complaint.[1] (ECF No. 21.)

Defendants filed a second motion for summary judgment or, alternatively, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) or 41(b), and Small filed a motion for judicial notice. (ECF Nos. 25, 28.) Both motions are fully briefed.[2] (ECF Nos. 26–27, 29–31.) For the following reasons, the Court **PARTIALLY GRANTS** defendants' motion to dismiss (ECF No. 25) and **DENIES** Small's motion for judicial notice (ECF No. 28).

## II. BACKGROUND

Small is a certified nursing assistant who worked at the Villa at Great Lakes Crossing ("GLC"), a long-term-care facility owned and operated by Redford Opco, LLC ("Redford"). (ECF No. 21, PageID.497–498.) Small was a union employee and member of the Services Employees Integration Union. (*Id.*, PageID.500.) Goudy served as the union steward assigned to Small's unit, and her duties included processing Small's grievances. (*Id.*, PageID.499–500.) Sylvester served as a GLC scheduling

---

[1] Small filed two versions of the amended complaint. (ECF No. 20 and 21.) Both are substantively identical; thus, the Court treats the latter filing (ECF No. 21) as the operative complaint.

[2] The Court finds that oral argument will not aid in its disposition of the motions; therefore, it dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

coordinator. (*Id.*)

Due to the COVID-19 outbreak, GLC required staff to undergo COVID-19 nasal swab testing as a condition of continued employment. (*Id.*, PageID.500.) Small is a Christian "with sincerely held religious beliefs regarding bodily integrity, medical procedures, and consent." (*Id.*) As part of these beliefs, Small objected to the nasal swab testing and requested a religious accommodation based on her faith. (*Id.*) GLC terminated Small in July 2020, and she subsequently filed numerous claims related to her termination. (*Id.*, PageID.502–512.)

## III. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a pleading fails to state a claim if its allegations do not support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The plaintiff need not provide "detailed factual allegations" but must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do.").

Although the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," the court need not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–679 (quotation marks and citation omitted). The complaint is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Federal courts hold a pro se complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991)). For example, "the less stringent standard for *pro se* plaintiffs does not compel courts to conjure up unpleaded facts to support conclusory allegations." *Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001). Additionally, the Court cannot "create a claim which [the plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th

Cir. 1975) (citation and internal quotation marks omitted). Ultimately, "[t]he Court's duty to construe a *pro se* complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim." *Jones v. Cabinet for Families & Child.*, No. 3:07-cv-11-S, 2007 WL 2462184, at *4 (W.D. Ky Aug. 29, 2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

## B. Analysis

### *1. Count V, Fair Labor Standards Act ("FLSA") Violation*

Defendants request dismissal of Small's FLSA claim against Redford because it was filed outside the applicable statute of limitations. FLSA claims are generally subject to a two-year statute of limitations. *Walsh v. KDE Equine, LLC*, 56 F.4th 409, 414 (6th Cir. 2022). "When the violation is willful, however, the statute of limitations is three years." *Id.* (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988)). To establish willfulness, a plaintiff must show "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *McLaughlin*, 486 U.S. at 133.

According to defendants, the amended complaint fails to allege facts

establishing a *willful* violation of the FLSA, and thus, the two-year statute of limitations applies. Small's response wholly neglects to address, much less rebut, either argument. Where a party fails to respond to an argument in a motion to dismiss, "the Court assumes [s]he concedes this point and abandons the claim." *PNC Bank, Nat. Ass'n v. Goyette Mech. Co., Inc.*, 88 F. Supp. 3d 775, 785 (E.D. Mich. 2015) (quoting *Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 797 (E.D. Mich. 2010)). Nonetheless, the Court briefly addresses defendants' statute of limitations argument.

Defendants are correct, the amended complaint fails to assert that the alleged FSLA violations were willful. (ECF No. 21 PageID.507–508.) Considering Small was terminated in July 2020, the latest she could have filed a viable FSLA claim was July 2022. Small filed the instant action in February 2023, which is well outside the two-year window. Accordingly, the Court **DISMISSES** Count V.

### ***2. Count VI, Equal Protection and Due Process***

Defendants next argue that Small's 42 U.S.C. § 1983 "equal protection/due process" claim warrants dismissal because Small fails to plead facts establishing state action. To establish a § 1983 claim, a

plaintiff must allege two elements: (1) that the *defendant* acted *under color of state law*, and (2) that the defendant deprived the plaintiff of a federally protected right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999)). Only when a private actor's conduct is "fairly attributable to the state" can he be acting under color of state law. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982).

The Sixth Circuit recognizes three tests for determining whether private conduct is fairly attributable to the state: the public function test, the state compulsion test, and the nexus test. *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995).

> The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state. … The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship (i.e., through state regulation or contract) between the state and the private actor so that the action taken may be attributed to the state.

*Id.* at 195.

As to state action, the amended complaint states the following:

> Defendants acted jointly with or willfully participated in state proceedings (UIA [Unemployment Insurance Agency], MOAHR [Michigan Office of Administrative Hearings and Rules], UIAC [Unemployment Insurance Appeals Commission]) to deprive [Small] of equal protection and due process by presenting false testimony and misleading documentation to state decision-makers because of her religion and protected activities.

(ECF No. 21, PageID.508.) The amended complaint goes on to "acknowledge[ ] that private entities are ordinarily not state actors under § 1983" and asserts that "if the Court determines there is no state action, [Small] preserves these constitutional arguments for appellate review." (*Id.*)

Small's response completely fails to rebut defendants' state actor argument. Accordingly, the Court assumes concession of defendants' point and abandonment of the claim. *See PNC Bank*, 88 F. Supp. at 785. More importantly, the Court agrees with defendants' argument—the complaint, even read liberally, fails to allege sufficient facts supporting a plausible inference of state action. Because Small's equal protection and due process claim fails to allege the first element required for a § 1983 action, it must be **DISMISSED.**

### *3. Count VII, Wrongful Discharge in Violation of Public Policy*

Defendants next assert that Small's claim against Redford for wrongful discharge in violation of public policy warrants dismissal because a statute already exists that prohibits and provides a remedy for the adverse employment action she alleges.

Generally, "in the absence of a contractual basis for holding otherwise, either party to an employment contract for an indefinite term may terminate it at any time for any, or no, reason." *Suchodolski v. Michigan Consol. Gas Co.*, 316 N.W.2d 710, 711 (1982) (citing *Toussaint v. Blue Cross & Blue Shield of Michigan*, 292 N.W.2d 880 (1980)). An exception to that rule exists "based on the principle that some grounds for discharging an employee are so contrary to public policy as to be actionable." *Id.* at 695. Public policy "proscribing termination of at-will employment is 'most often' used in three situations: (1) 'adverse treatment of employees who act in accordance with a statutory right or duty,' (2) an employee's 'failure or refusal to violate a law in the course of employment,' or (3) an 'employee's exercise of a right conferred by a well-established legislative enactment.'" *Kimmelman v. Heather Downs Mgmt. Ltd.*, 753 N.W.2d 265, 268 (2008) (citation omitted). Importantly,

however, "where there exists a statute explicitly proscribing a particular adverse employment action, that statute is the exclusive remedy, and no other 'public policy' claim for wrongful discharge can be maintained." *Id.*

Here, defendants submit that the Elliott-Larsen Civil Rights Act ("ELCRA") provides a remedy for the conduct alleged in Small's complaint, and therefore, the public policy claim cannot be maintained. Once again, Small completely fails to rebut defendants' dismissal argument. Accordingly, the Court assumes that Small concedes defendants' argument and abandons the claim. *See PNC Bank*, 88 F. Supp. 3d at 785. Furthermore, the Court considered and agrees with defendants' argument.

Small alleges that she "refused to violate federal and state civil-rights laws, including Title VII and ELCRA, by insisting on her right to religious accommodation and by opposing discriminatory practices." (ECF No. 21, PageID.509.) As a result, Small was terminated because she: (1) "exercised these statutory rights and refused to surrender them," and (2) "indicated she would seek recourse from the EEOC and UIA." (*Id.*)

The amended complaint fails to suggest that Small was asked to violate the law. Rather, Small asserts that Redford violated *her* rights. Most importantly, "both Title VII and ELCRA provide protections against employer retaliation." *Kamal v. Ford Motor Co.*, No. 24-12073, 2025 WL 1691193, at *3 (E.D. Mich. June 16, 2025) (citing M.C.L. § 37.2701(a) (ELCRA); 42 U.S.C. § 2000e-3(a) (Title VII)). *See Curtright v. FCA US, LLC*, No. 22-10449, 2022 WL 17540202, at *11 (E.D. Mich. Dec. 8, 2022) (collecting cases); *Haidar v. Walmart Inc.*, No. 24-12061, 2025 WL 1799318, at *3 (E.D. Mich. June 25, 2025). Thus, if Small believes Redford retaliated against her in violation of either statute, she must bring a retaliatory firing claim under Title VII or ELCRA—which she does (Count III and IV). *See Kamal*, 2025 WL 1691193, at *3. Count VII is thus **DISMISSED.**

#### ***4. Count IX, Tortious Interference with Contractual Relations***

Defendants next move to dismiss Small's claim against Sylvester and Goudy for tortious interference with contractual relations. Tortious interference with a contract is an intentional tort. *Knight Enters. v. RPF Oil Co.*, 829 N.W.2d 345, 348 (2013). The elements are: "(1) the existence of a contract, (2) a breach of the contract, and (3) an unjustified

instigation of the breach by the defendant." *Health Call of Detroit v. Atrium Home & Health Care Serv., Inc.*, 706 N.W.2d 843, 848–849 (2005) (citation omitted). "To maintain a cause of action for tortious interference with a contract, a plaintiff must establish a breach of contract caused by the defendant." *Dzierwa v. Michigan Oil Co.*, 393 N.W.2d 610, 613 (1986) (citation omitted); *Knight Enters*, 829 N.W.2d at 348 (citation omitted) ("[I]t is an essential element of a claim of tortious interference with a contract that the defendant 'unjustifiably instigated or induced' the party to breach its contract."). "Indeed, it is well-settled that one who alleges tortious interference with a contractual ... relationship must allege the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another." *Id.* (cleaned up).

Defendants argue that the amended complaint fails to plead the existence of any specific contract that Small was a party to or that there was a breach of contract. Small, again, provides no rebuttal to defendants' dismissal argument, allowing the Court to assume concession of the argument and abandonment of the claim. *See PNC Bank*, 88 F. Supp. 3d at 785. Even so, the Court agrees that the amended

complaint fails to state a claim for tortious interference with contractual relations.

The amended complaint asserts that: (1) Small "had valid contractual relationships with Redford under her employment agreement and CBA, and later with ATC temporary services and Villa-affiliate assignment sites," and (2) "Sylvester and Goudy … intentionally interfered with these relationships by misrepresenting [Small's] conduct, sowing confusion about her status, discouraging timely grievances, and providing negative information to subsequent employers." (ECF No. 21, PageID.510.) Even read liberally, the complaint fails to assert that any of Sylvester's and Goudy's alleged conduct *caused* a breach of contract, only that their conduct interfered with "contractual relationships." Further, Small failed to plead the existence of any specific contract that she was a party to or that there even was a breach.[3] Accordingly, the Court **DISMISSES** Small's tortious interference with contractual relations claim.

[3] To the extent the amended complaint alleges a breach of the CBA, the claim would likely be preempted by § 301 of the Labor Management Relations Act. *See Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 800 (6th Cir.1990); *Clark v. Sodexho, Inc.*, No. 11-14285, 2012 WL 511539, at *3 (E.D. Mich. Feb. 16, 2012).

### *5. Count XIII, Hybrid § 301 Claim*

Defendants argue that Small's hybrid § 301 claim against Redford and Goudy must be dismissed because it was previously dismissed as time barred by this Court's September 22, 2025 Order. (*See* No. 19, PageID.468 (emphasis in original) (dismissing, *inter alia*, the hybrid § 301 and ordering "Small to file a more definite statement via an amended complaint for **all claims not otherwise dismissed** by [the] order").)

A "dismissal for failing to comply with a statute of limitations is a decision on the merits for claim preclusion purposes." *Mitchell v. Chapman*, 343 F.3d 811, 820 (6th Cir. 2003) (citation omitted). Defendants assert that, in addition to disregarding the Court's prior order, res judicata applies here, as the "hybrid § 301 claim was a previously litigated issue based on the same facts and evidence creating the alleged cause of action raised in the original complaint, and the Court's Order dismissing the claim was a final decision on the merits between the same parties." (ECF No. 25, PageID.591–592.)

In response, Small submits that "Count XIII (Hybrid § 301) is expressly [an] appellate preservation, not an attempt to relitigate[.] The amended complaint acknowledges the Court's prior dismissal of any

hybrid § 301 claim and pleads Count XIII only 'to preserve the issue for potential appellate review.'" (ECF No. 26, PageID.674.) She further states that "[i]f the Court prefers that the dismissed theory not appear in the amended pleading at all, the proper remedy is to strike Count XIII or dismiss it (again) with prejudice." (*Id.*) Based upon Small's statement, which specifically asserts that she is not "attempt[ing] to relitigate" the hybrid § 301 claim (*id.*), Count XIII is **DISMISSED**.

#### *6. "Categories of Injury, Damages, and Legal Theories"*

Defendants next request dismissal of "Claim VIII related to Categories of Injury, Damages, and Legal Theories (Paragraphs 127 – 177)," as these 49 paragraphs simply list "legal theories and damages without any factual explanation or elements of cognizable claims." (ECF No. 25, PageID.594.) In response, Small submits "that the 'Categories of Injury, Damages, and Legal Theories' section lists categories of harm and legal concepts 'not standalone causes of action,' and is included to clarify what relief is sought under the pleaded counts." (ECF No. 26, PageID.674.) While the Court acknowledges Small's inclusion of these paragraphs as an attempt "to avoid confusion," it previously dismissed Small's claims for damages, warned against failing to state a cause of

action, and ordered Small's amended complaint to "clearly and concisely state *only legally cognizable claims*." (ECF No. 19, PageID.459–460, 467–470 (emphasis added).) By Smalls' own admission, paragraphs 127–177 are *not* to be read as stating claims for relief.[4] Thus, Count VIII is **DISMISSED** by the Court as irrelevant. *See Doe by Doe v. Piraino*, 688 F. Supp. 3d 635, 666 (M.D. Tenn. 2023) (citation omitted) ("While trial courts have inherent power to control their dockets and may exercise their discretion to strike documents or portions of documents, they also have the discretion to simply disregard irrelevant, inadmissible, unsupported, or redundant material.").

## IV. MOTION TO DISMISS UNDER RULE 41(b)

### A. Legal Standard

"If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A dismissal under Rule 41(b) "is available to the district court as a tool to

---

[4] Paragraph 177 of the amended complaint states, "[p]laintiff understands that many of these items are categories of harm and legal concepts, not stand-alone causes of action; they are listed here to clearly identify the injuries and theories for which she seeks relief under the specific Counts above, in compliance with the Court's directive to provide a more definite statement." (ECF No. 21, PageID.514.)

effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984) (internal quotation marks omitted) (alteration in original)). "Determining whether dismissal is the appropriate sanction is a matter within the discretion of district courts." *Jackson v. Sterilite Corp.*, No. 5:13CV861, 2014 WL 5307911, at *2 (N.D. Ohio Oct. 16, 2014) (citing *Wright v. Coca-Cola Bottling Co.*, 41 F. App'x 795 (6th Cir. 2002)).

When determining whether dismissal is an appropriate sanction, courts assess four factors: "(1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered." *Id.* (citing *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001); *Harmon v. CSX Transp. Inc.,* 110 F.3d 364, 366–337 (6th Cir.1997)).

**B. Analysis**

In support of their request for dismissal, defendants point to

Small's: (1) repeated late filings, including the amended complaint, which was due by December 1, 2025 but not filed until December 2, 2025, and (2) failure to limit the amended complaint to legally cognizable claims not previously dismissed, as ordered by the Court. (ECF No. 25, PageID.595–596 (citing (ECF No. 19, PageID.468–470).) Defendants describe the above as a "pattern of non-compliance," and assert that dismissal is appropriate under Rule 41(b). (ECF No. 29, PageID.721.)

In response, Small submits that her late filing of the amended complaint was not in bad faith but instead due to technical difficulties related to the complaint's file size. She highlights a lack of prejudice to the defendants and contends that less harsh sanctions are available to the Court, such as "striking any surplusage (such as Count XIII)." (ECF No. 26, PageID.674–675.)

The Court refrains from dismissing the action under Rule 41(b). Small filed the amended complaint only a few hours after the deadline and provided an adequate explanation for the short delay. Further, Small is proceeding pro se, which requires her complaint be held to a "less stringent standard" than those drafted by attorneys. *Haines*, 404 U.S. at 520 (1972). Thus, while Court notes that compliance with Court orders is

paramount and admonishes Small for her tardiness in filing, it **DENIES** defendants' request for dismissal pursuant to Rule 41(b).

## V. MOTION FOR JUDICIAL NOTICE

Citing Federal Rule of Evidence 201, Small asks the Court to take judicial notice of three determinations made in relation to her pursuit of Michigan unemployment benefits. Specifically, Small requests:

> [J]udicial notice only of the existence, issuance dates, and contents of three official agency adjudications … for limited purposes: (1) to establish an objective chronology of the unemployment proceedings following Plaintiff's termination; (2) to show that certain statements and rationales were asserted in that official forum at specific times; and (3) to provide context relevant to temporal proximity and pretext without treating any disputed finding as true.

(ECF No. 31, PageID.739.) Alternatively, Small asks the Court to "take notice of the existence and issuance dates of the [a]gency [d]ecisions." (*Id.*, PageID.743.)

### A. Legal Standard

#### *1. Federal Rule of Evidence 201*

Rule 201 provides that the "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably

be questioned." Fed. R. Evid. 201(b). "However, judicial notice is only appropriate if the matter is beyond reasonable controversy. ... The rule proceeds upon the theory that ... dispensing with traditional methods of proof should only occur in clear cases." *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 466 (6th Cir. 2014) (cleaned up). Accordingly, "[t]he traditional approach to taking judicial notice of adjudicative facts has been one of caution." *Burley v. Williams-Ward*, No. 2:18-CV-12239, 2023 WL 11825225, at *2 (E.D. Mich. Jan. 19, 2023) (quoting *Weinstein's Federal Evidence* § 201.10)). *See also Frees v. Duby*, 2010 WL 4923535, at *2 (W.D. Mich. Nov. 29, 2010) (citation omitted) ("Judicial notice 'is a limited tool,' and for it to be available, 'a high degree of indisputability is the essential prerequisite.'")).

#### ***2. M.C.L. § 421.11***

Pursuant to the Michigan Employment Security Act (the "Act"), "determinations as to the benefit rights of any individual are confidential and must not be disclosed or open to public inspection other than to public employees and public officials in the performance of their official duties under [the] act and to agents or contractors of those public officials[.]" M.C.L. § 421.11(b)(1). The Act further "prohibits the use of information

and determinations elicited during the course of an unemployment proceeding before the Michigan Unemployment Insurance Agency ['MUIA'] in a subsequent civil proceeding unless the MUIA is a party to or complainant in the action." *Gaines v. FCA US LLC*, 522 F. Supp. 3d 295, 303 (E.D. Mich. 2021) (citing M.C.L. § 421.11(b)(1)(iii)). In *Gaines*, the court, after considering the restrictions imposed by § 421.11(b)(1)(iii), allowed the plaintiff to introduce evidence that she *applied* for unemployment benefits to counter an argument that she did not mitigate her damages, but prohibited her from offering evidence that she was *awarded* benefits. *Id. See also Dalloo v. MotorCity Casino*, No. 2:22-CV-12650-TGB-EAS, 2025 WL 2108815, at *13 n.2 (E.D. Mich. July 28, 2025); *Summerville v. Esco Co.*, 52 F. Supp. 2d 804, 811–812 (W.D. Mich. 1999).

**B. Analysis**

Small submits that the determinations she seeks judicial notice of "concern [her] separation from employment and contemporaneously recorded statements about the employer's asserted rationale and the sequence of events" and that they "therefore bear on issues commonly disputed in Title VII religious discrimination and retaliation claims,

including protected activity (requesting a religious exemption/ accommodation), adverse action (termination), and temporal proximity/cause." (ECF No. 28, PageID.707.) She further argues that the Court should disregard § 421.11 because it is a state statute, however, she does not dispute that the determinations fall within the statute's purview.

In response, defendants cite to *Marcusse v. United States*, which held that courts are not permitted to take judicial notice of facts that would establish inferential conclusions as facts. 785 F. Supp.2d 654, 674 (2011). They assert that judicial notice of these determinations here likewise could improperly "establish inferential conclusions as facts of the case." (ECF No. 30, PageID.730.) They also contend that the "facts" Small requests to be judicially noticed were, in fact, disputed and thus not appropriate for judicial notice. (*Id.*, PageID.729.) Finally, relying on M.C.L. § 421.11(b)(1), defendants submit that the alleged facts are *not* generally known within the trial court's territorial jurisdiction, and that, pursuant to § 421.11(b)(1)(iii), Small's request is improper.

Applying judicial notice cautiously and in light of § 421.11, which courts in this district have upheld and applied, *see e.g., Gaines*, 522 F.

Supp. 3d at 303, the Court, at this time and at this early stage in the litigation, cannot find that these employment determinations are beyond "reasonable dispute," as outlined in Rule 201. The request is thus **DENIED WITHOUT PREJUDICE**.

## VI. CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that defendants' motion to dismiss (ECF No. 25) is **GRANTED IN PART AND DENIED IN PART.**

The following claims **remain in this action**:

- Count I: Title VII Religious Discrimination (Disparate Treatment)
- Count II: Title VII Failure to Accommodate Religious Beliefs
- Count III: Title VII Retaliation
- Count IV: Religious Discrimination, Failure to Accommodate, and Retaliation in Violation of the Michigan Elliott-Larsen Civil Rights Act
- Count VIII: Abuse of Process and Bad Faith Interference with Unemployment Benefits
- Count X: Tortious Interference with Prospective Economic Advantage / Business Expectancy
- Count XI: Intentional Infliction of Emotional Distress
- Count XII: Negligent Infliction of Emotional Distress

The following claims are **DISMISSED**:

- Count V: Fair Labor Standards Act Violations
- Count VI: Equal Protection / Due Process
- Count VII: Wrongful Discharge in Violation of Public Policy
- Count IX: Tortious Interference with Contractual Relations
- Count XIII: Hybrid § 301 Claim
- Count VIII: "Categories of injury, damages, and legal theories"

**IT IS FURTHER ORDERED** that Small's motion for judicial notice (ECF No. 28) is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**.

s/**Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

Dated: July 30, 2026

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 30, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager